CRAWFORD, Chief Judge
(concurring in part and in the result):
I concur with the lead opinion’s analysis as to Issue II, and that no plain error occurred. With regard to Issue I, I agree with the result but would find the evidence admissible, not only under Mil.R.Evid. 404(b), but also under the common law theory of contradiction.
*218 FACTS
At trial, the prosecutor made an in limine motion to admit the 1994 urinalysis result. The judge would not permit the Government to introduce the evidence as part of its casein-chief. However, he held that the evidence could be admitted if the defense of innocent ingestion mirrored the defense at appellant’s 1994 court-martial.
The defense theory of the case was similar to the one at appellant’s first court-martial. Both appellant and his brother were at an all night, guitar-playing party. Additionally, appellant knew of the urinalysis test on the following Monday morning. Appellant was drinking beer during the course of the party, including drinks given to him by guests. However, he was unable to identify or contact the people at the party who might have spiked his drinks. His brother also testified as to the circumstances surrounding the party and the inability to locate the guests after-wards.
At trial, appellant was asked: “Staff Sergeant, did you knowingly use — let me rephrase that. Did you use drugs?” Appellant answered: “No, sir.” Later, the judge ruled that the prosecution could introduce evidence of the 1994 test, but indicated this was not based on the cross-examination of appellant.
During voir dire, the trial defense counsel questioned the members on innocent ingestion, and gave notice of an innocent ingestion defense. Even so, appellate defense counsel argues that it was inappropriate to admit the 1994 test because its admission was predicated on the prosecutor opening the door during the cross-examination of appellant.
The Government responds that the negative inference from the testimony introduced by the defense was that this was an innocent ingestion case “strikingly similar” to what happened at the first trial.
DISCUSSION
The standard of review is whether the judge abused his discretion in admitting this evidence. United States v. Sullivan, 42 MJ 360, 363 (1995).
For evidence to be admissible under Mil. R.Evid. 404(b), Manual for Courts-Martial, United States (1995 ed.), it need not fall within a category listed but must be legally and logically relevant.
Accordingly, the sole test under Mil. R.Evid. 404(b) is whether the evidence of the misconduct is offered for some purpose other than to demonstrate the accused’s predisposition to crime and thereby to suggest that the factfinder infer that he is guilty, as charged, because he is predisposed to commit similar offenses.
United States v. Castillo, 29 MJ 145, 150 (CMA1989).
While Reynolds is helpful, the Supreme Court in Huddleston v. United States, 485 U.S. 681, 686-87, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988), stated:
The threshold inquiry a court must make before admitting similar acts evidence under Rule 404(b) is whether that evidence is probative of a material issue other than character----
❖ * *
____ Article IV of the Rules of Evidence deals with the relevancy of evidence. Rules 401 and 402 establish the broad principle that relevant evidence — evidence that makes the existence of any fact at issue more or less probable — is admissible unless the Rules provide otherwise.
Following the tests set forth in Huddleston, I would conclude that the evidence is probative of the material issue in this case. Additionally, I would hold the evidence admissible under the theory of contradiction. The prosecution had the right to rebut and attack the evidence educed by the defense as to innocent ingestion. Under our adversary system, each party has the right to present favorable evidence supporting its position, and the opponent has the right to rebut or attack that evidence. Not only does the prior drug ingestion attack appellant’s credibility, but it exposes the defense theory of the case. Additionally, the impeachment in this case is as to a non-collateral fact.
*219 Even though contradiction is not expressly mentioned in the Federal Rules of Evidence, the federal courts have informally concluded that the doctrine exists. United States v. Perez-Perez, 72 F.3d 224, 227 (1st Cir.1995); United States v. Tarantino, 846 F.2d 1384, 1409 (D.C.Cir.1988); United States v. Welker, 44 MJ 85 (1996); 15 FED. RULES EVID. NEWS 59 (Apr.1990)(“the federal common law of 'specific contradiction’”). However, the judge may exclude such evidence after applying the Mil.R.Evid. 403 balancing test.
In this instance, the judge did not abuse his discretion in allowing the prosecution to rebut appellant’s testimony that he did not use any illicit drug. Admitting the evidence promoted the proper functioning of the adversary system. United States v. Turner, 39 MJ 259, 267 (CMA 1994)(Crawford, J., concurring in the result). As in Turner, admitting the evidence here tended to “squarely contradict” the implications arising from appellant’s testimony. Id.